# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARWIN SCHMIDT,
        Petitioner,

    v.                                Case No. 04C1159

THOMAS BORGEN,
        Respondent.

## DECISION AND ORDER

Petitioner was sentenced to ten years in prison for the offense of being a party to the crime of theft by fraud. Initially, petitioner's sentence was stayed in favor of ten years probation. The probationary term began running on February 10, 2001, but on February 26, 2002, petitioner's probation was revoked on a number of grounds after a state administrative hearing, and he began serving his ten year sentence. Petitioner unsuccessfully appealed his revocation administratively. He then sought a writ of certiorari from the Rock County Circuit Court, but the court also upheld the revocation. Petitioner did not appeal the circuit court's decision to the Wisconsin Court of Appeals. Petitioner next filed a petition for a writ of habeas corpus in Dodge County Circuit Court collaterally challenging the revocation, but the court denied the petition. Petitioner then petitioned the Wisconsin Court of Appeals for a writ of habeas corpus claiming, among other things, that the lawyer who handled his administrative appeal and petition for certiorari was ineffective. The court of appeals, however, denied the petition. Petitioner did not seek review in the state supreme court.

Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on a variety of grounds. However, before a federal court may entertain the merits of a state prisoner's habeas claims, the prisoner must exhaust his remedies in state court, including seeking discretionary review before the state supreme court, so that state courts first have an opportunity to act on such claims. O'Sullivan v. Boerckel, 526 U.S. 838, 845-48 (1999). If the prisoner fails to pursue all avenues of relief in the state courts, he procedurally defaults his claims. Chambers v. McCaughtry, 264 F.3d 732, 737 (7th Cir. 2001). A federal court may excuse a procedural default only if the prisoner can show cause for the default and prejudice arising from failure to review the claims, or that failure to review the claims on procedural grounds would result in a fundamental miscarriage of justice. Howard v. O'Sullivan, 185 F. 3d 721, 726 (7th Cir. 1999).

In the present case, petitioner did not seek relief from the state supreme court and thus did not give that court the opportunity to address any of the claims he now presents. Therefore, he procedurally defaulted them. See Chambers, 264 F.3d at 737. Further, petitioner makes no attempt to demonstrate cause and prejudice or to show that failure to review his claims would result in a fundamental miscarriage of justice. See Howard, 185 F. 3d at 726.

Therefore, for the reasons stated,

**IT IS ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED,** and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin, this 1 day of August, 2005.

/s_____
	LYNN ADELMAN
	District Judge