# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARWIN SCHMIDT,**
        **Petitioner,**

    v.                                **Case No. 04C1159**

**THOMAS BORGEN,**
        **Respondent.**

## DECISION AND ORDER

On August 1, 2005, I denied petitioner Darwin Schmidt's application for a writ of habeas corpus on the ground that he procedurally defaulted his federal claims by failing to seek state supreme court review of the state court of appeals's December 23, 2004 decision adjudicating his claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845-48 (1999). Pursuant to Fed. R. Civ. P. 59(e), petitioner now moves for reconsideration.

A motion to reconsider may be brought pursuant to Fed. R. Civ. P. 59(e) or 60(b). The main consideration in determining whether a motion is cognizable under Rule 59 or 60 is its timing. Britton v. Swift Transp. Co., 127 F.3d 616, 618 (7th Cir. 1997). A motion filed within ten days of the entry of judgment is considered under Rule 59. In the present case, petitioner filed his motion on August 10, 2005, within ten days of my decision denying his petition. I therefore consider it under Rule 59.[1]

---

[1] Petitioner's rule 59(e) motion for reconsideration is not a second or successive collateral attack. See Curry v. United States, 307 F.3d 664, 665 (7th Cir. 2002) (explaining that a Rule 59(e) motion "does not seek collateral relief" and consequently is not subject to the successive petition rules under the Antiterrorism and Effective Death Penalty Act of 1996).

"Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). In the present case, petitioner argues that in denying his petition based on procedural default, I mistakenly concluded that he did not seek state supreme court review of the December 23, 2004 decision of the state court of appeals. In support of his argument he submits a copy of an order of the state supreme court dated November 17, 2004 refusing to review the state court of appeals's decision on a motion that he had filed. However, petitioner submits no evidence indicating that he appealed the December 23, 2004 decision of the state court of appeals finally disposing of his claims. The fact that he sought supreme court review of the court of appeals's decision on a motion does not excuse him from his obligation to fully exhaust his state court remedies, including seeking discretionary review of the final decision of the state court of appeals. See O'Sullivan, 526 U.S. at 845-48. Thus, petitioner fails to persuade me that my August 1, 2005 decision denying his petition based on procedural default was mistaken.

**THEREFORE, IT IS ORDERED** that petitioner's motion for reconsideration is **DENIED.**

Dated at Milwaukee, Wisconsin, this 5 day of October, 2005.

/s_____
LYNN ADELMAN
District Judge