# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DARWIN SCHMIDT,**
        **Petitioner,**

    v.                                     Case No. 04C1159
                                                    Appeal No.

**THOMAS BORGAN,**
        **Respondent.**

---

## MEMORANDUM AND ORDER

On August 30, 2005, habeas petitioner Darwin Schmidt filed a notice of appeal of my dismissal of his case. On October 13, 2005 he added a petition for leave to proceed on appeal in forma pauperis.

### I. CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Although petitioner has not formally requested that I issue a certificate of appealability, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue. See also Slack v. McDaniel, 529 U.S. 473, 481-82 (2000).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

I dismissed petitioner's case not based on any of the underlying claims on the merits, but on a procedural ground for failure to exhaust his state court remedies. When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Section 2253 mandates that both showings be made before a certificate of appealability is granted. Id. at 485. The district court is allowed, and indeed encouraged, to proceed first to the procedural issue if its answer is more apparent from the record and arguments. Id.

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id. at 484.

Addressing the procedural showing first, I believe the question of whether petitioner's case should have been dismissed for failure to exhaust his state court remedies does not deserve to proceed further, nor do I believe that my dismissal for failure

2

to exhaust state court remedies would be debatable among jurists of reason reviewing the record of this case. As stated above, where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, no reasonable jurist could conclude that the district court erred or that the petitioner should be allowed to proceed further. There is therefore no need to address the underlying merits of the petition.

## II.  REQUEST FOR IFP STATUS ON APPEAL

Petitioner also requests in forma pauperis status so that he may avoid paying the appellate filing fee of $255. Petitioner was not in forma pauperis at the district court level because he paid the $5 filing fee in this court. The jump in price makes his current request understandable.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. Coppedge v. United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

3

In this case, it appears that petitioner's arguments are not so baseless that they would be dismissed as frivolous without further consideration. As a result, as far as § 1915(a)(3) is concerned he should be allowed to proceed.

Poverty is another matter, however. Section 1915(a)(1) requires prisoners seeking in forma pauperis status to submit "an affidavit that includes a statement of all assets such prisoner possesses." Petitioner failed to include an affidavit with his motion to proceed in forma pauperis. Moreover, petitioner failed to have an authorized officer attach a printout of his prison trust account activity statement for the six months prior to the filing of his notice of appeal. Accordingly, I will provide petitioner twenty-one (21) days from the date of this order to file an affidavit that includes a statement of all assets he possesses and a printout of his trust account activity statement. A copy of the standard Eastern District of Wisconsin in forma pauperis petition used for non-prisoners is enclosed for petitioner's use.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

The court **FINDS** that the appeal has been taken in **GOOD FAITH**.

**IT IS FURTHER ORDERED** that within 21 days of the date of this order, petitioner shall file with the clerk of the <u>district</u> court an affidavit that includes a statement of all assets he possesses and a printout of his prison trust account activity statement for the previous six months. This court will then assess whether petitioner meets the poverty requirements needed to proceed in forma pauperis on appeal.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated at Milwaukee, Wisconsin, this 20 day of November, 2005.

/s_____
LYNN ADELMAN
District Judge