# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARWIN SCHMIDT,**
            **Petitioner,**

   v.                                                  **Case No. 04C1159**
                                                       **Appeal No.**

**THOMAS BORGAN,**
            **Respondent.**

## MEMORANDUM AND ORDER

On November 21, 2005, I denied habeas petitioner Darwin Schmidt's request for a certificate of appealability and ordered petitioner to provide an affidavit that includes a statement of his assets so that I may determine whether he may proceed in forma pauperis on appeal. Petitioner has now provided the affidavit and has moved for reconsideration of my order denying the certificate of appealability. This order addresses petitioner's request to proceed in forma pauperis and his motion for reconsideration.

### I. REQUEST FOR IFP STATUS ON APPEAL

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. As I explained in my November 21, order, I am satisfied that petitioner's appeal is taken in good faith.

Poverty is another matter, however. One need not be completely destitute in order to proceed in forma pauperis under § 1915. An affidavit demonstrating that a person

cannot, because of his poverty, provide himself with the necessities of life is sufficient. Dotson v. Blood Ctr., 988 F. Supp. 1216, 1219 (E.D. Wis. 1998). As petitioner is incarcerated, his "necessities of life" are provided for him already, making the money coming into his prison trust account available for discretionary things, including court fees.

It is within a district court's discretion to order payment of a portion of the filing fee while waiving the remainder where a habeas petitioner cannot pay the full expense but is economically able to pay a portion thereof. Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999). In determining the amount petitioner can pay, I may apply the formula set out in 28 U.S.C. § 1915(b)(1). See Gant v. Endicott, No. 04-C-953-C, 2005 U.S. Dist. LEXIS 14394, *2-3 (July 7, 2005). Using this formula, I will assess a filing fee of twenty percent of the greater of: (1) the average monthly deposits into the plaintiff's prison account, or (2) the average monthly balance in the plaintiff's prison account, each for the six-month period immediately preceding the filing of the complaint.

A review of petitioner's prison trust account statement reveals that, for the relevant six-month period, the average monthly deposit into plaintiff's prison account was $256.13 and the average monthly balance was $255.60. Thus, in my opinion, petitioner has the ability to pay $51.23 (twenty percent of $256.13) of the appellate fee. I will require him to pay that portion but will waive the remainder.

Petitioner is cautioned that this payment must be made to the clerk of the district court for the Eastern District of Wisconsin; the clerk of the district court receives the appellate fee on behalf of the court of appeals. Fed. R. App. P. 3(e). If petitioner does not have sufficient funds in his regular account to pay the calculated amount, he may request

an enlargement of time to make the payment. I have no authority to order prison officials to allow petitioner permission to use his release account funds to make the payment.

## II. MOTION FOR RECONSIDERATION

Petitioner has moved for reconsideration of my denial of his request for a certificate of appealability. However, petitioner has not made any new arguments as to why a certificate should issue. Rather, petitioner rehashes the same arguments that I previously rejected. Thus, I will deny petitioner's motion for reconsideration as to the issuance of a certificate of appealability.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's request for in forma pauperis status on appeal is **GRANTED TO THE EXTENT** that he will be allowed to proceed in forma pauperis upon partial payment to the District Clerk of the fee, in the amount of $51.23, with the remainder of the fee waived.

**FURTHER, IT IS ORDERED** that petitioner pay $51.23 to the Clerk of the District Court within **21 DAYS** of the date of this order.

**FURTHER, IT IS ORDERED** that petitioner's motion for reconsideration is **DENIED.**

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated at Milwaukee, Wisconsin, this 21 day of December, 2005.

/s_____
LYNN ADELMAN
District Judge